UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY MUTUAL FIRE** <br> **INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-1209** |
| **JAMES E. RAVANNACK** | **SECTION "T" (3)** |

## ORDER & REASONS

Before the Court is a motion on behalf of defendants, James Ravannack and Jocel Ravannack, individually and on behalf of their minor children, Chad Ravannack and Claire Ravannack (hereinafter, "the Ravannacks"), for partial summary judgment declaring the New Home Warranty Act, La. R.S. §9:2789.1, et seq. to be in violation of the Louisiana and United States Constitutions.  Having studied the legal memoranda submitted by the parties, the record, and the applicable law, the Court is fully advised on the premises and ready to rule.

### I. BACKGROUND

This case arises from the construction of a residence for the Ravannacks by Quigley Homes, Inc./ Quigley Home Builders, Inc. (hereinafter, "Quigley").  In early 1992, Quigley acted as general contractor in the construction of a home for the Ravannacks, located at 5432 Janice in Kenner, Louisiana, pursuant to a contract between Quigley and the Ravannacks.

In October 1992, the Ravannacks moved into the home and paid Quigley $196,000 as payment in full for the project. Sometime after delivery of the residence was made, the Ravannacks informed Quigley of water intrusion to the home. As a result of this, Quigley performed work on the house to remedy the problem.

In April of 1999, the Ravannacks hired an independent testing expert to investigate the cause of the continued water intrusion. The Ravannacks allege in their cross-claim petition that defects in the construction of their home have caused them property and other damages, including but not limited to major structural damage, which forced them to vacate the home. The Ravannacks brought a claim against Quigley alleging breach of contract, negligence, redhibition, violations of the Uniform Trade Practices and Consumer Protection Law and damages under the New Home Warranty Act (hereinafter, NHWA), La. Rev. Stat. §9:3141 et. seq.

On March 24, 2004, this Court entered an Order ruling in favor of Quigley, granting its Motion for Partial Summary Judgment and finding that the NHWA is the exclusive remedy available to the Ravannacks for the claims asserted against Quigley. The Ravannacks have now filed the instant motion, submitting that the NHWA violates both the Louisiana and United States Constitutions

II.  **ARGUMENTS OF THE RESPECTIVE PARTIES**

**A. Arguments of the Ravannacks in favor of Partial Summary Judgment:**

The Ravannacks now properly raise before the Court an argument originally presented in an opposition to a previous motion that the NHWA is in violation of both the Louisiana and

United States Constitutions.  The Ravannacks urge that the restriction of recovery under the NHWA to the purchase price of the house and to attorney fees violates the equal protection guarantee of the Louisiana Constitution, the right to access to the courts protected by the Louisiana Constitution, and the right to due process protected by both the United States and Louisiana Constitutions.

First, the Ravannacks submit that the NHWA violates the equal protection guarantee of Article 1 §3 of the Louisiana Constitution, which prohibits discrimination against a person because of race or religious ideas, beliefs or affiliations, or because of "birth, age, sex, culture, **physical condition**, or political ideas or affiliations" (emphasis added).  In their motion, the Ravannacks contend that the limitation on recovery under the NHWA to the purchase price of the home plus attorney fees violates the equal protection guarantee in two ways.  The Ravannacks argue that the NHWA facially discriminates based on "physical condition," proposing a hypothetical where a home-buyer who suffers personal injuries as a result of a defect in a home could only recover the cost of repair of the defect, but a similarly injured third party would be able to recover in full.

Also, the Ravannacks submit that the NHWA creates two categories of home-buyers with different methods of recovery: those who sustain damage less than the purchase price of the home and those who sustain damages in excess of the purchase price.  Therefore, the Ravannacks assert that since the NHWA classifies persons based on a basis other than those enumerated in Article 1, Section 3, its restrictions must be rationally related to a legitimate governmental purpose.  Progressive Security Ins. Co. v. Foster, 711 So.2d 675, 686 (La. 1998).  The Ravannacks then contend that the restrictions on damages recoverable under the NHWA are

not rationally related to the stated purpose of promoting commerce in Louisiana.

Second, the Ravannacks argue that the NHWA violates the right to access to the courts of Article 1, Section 22, of the Louisiana Constitution, which states that "[a]ll courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay for injury to him in his person, property, reputation, or other rights." The Ravannacks submit that the NHWA, as the exclusive remedy to new-home buyers and by excluding recovery for personal injury damages, denies them of their right to seek a remedy for personal injury damages sustained as a result of the negligence, fault, or breach of contract by a homebuilder.

Finally, the Ravannacks contend that the NHWA violates the right to due process of the Fourteenth Amendment of the United States Constitution and of Article 1, Section 2, of the Louisiana Constitution. Because the regulations of the NHWA are economic, and do not involve any fundamental rights, they need only have a rational relationship to a legitimate governmental interest. See Progressive, 711 So.2d at 689; see also Police Ass'n of New Orleans v. City of New Orleans, 649, So.2d 951, 961 (La. 1995) (citing Concrete Pipe & Prod. of California, Inc. v. Construction Laborers Pension Trust, 508 U.S. 602, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993); Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955)). The Ravannacks again contend that the restrictions on recovery under the NHWA are not rationally related to the promotion of commerce in the form of new home sales.

**B. Arguments of Quigley in opposition to Partial Summary Judgment:**

In its opposition, Quigley argues that the Ravannacks' motion is merely an untimely and

disguised motion for reconsideration of this Court's Order of March 24, 2004, which ruled that the NHWA was the exclusive theory of recovery in this case.  Quigley then submits that the Ravannacks may not even have the requisite standing to challenge the constitutionality of the NHWA.  Regardless, Quigley contends that the NHWA offends neither equal protection nor the right to access to courts of the Louisiana Constitution, nor does it offend due process.

First, Quigley asserts that the NHWA does not violate the equal protection clause of the Louisiana Constitution.  Quigley rejects the Ravannacks' argument that the NHWA facially discriminates on the basis of "physical condition," such that it would shift the burden to show a rational relationship to Quigley.  Quigley submits that the classifications created are purchasers of new homes and purchasers of previously-owned homes, neither of which can be considered to be based on a "physical condition."  Quigley also rejects the Ravannacks' argument that the NHWA fails to rationally relate to the stated purpose of promoting commerce.  Quigley contends that the Ravannacks' mere assertion that "the only party that benefits from the provisions of the NHWA is the homebuilder" is not sufficient to carry the "stringent burden" to show that the limitation does not serve its stated purpose.  See Progressive, 711 So.2d at 686.

Second, Quigley argues that the NHWA does not deprive the Ravannacks of their right to access to the courts under the Louisiana Constitution.  Quigley asserts that the right to access to the courts ensures that the judicial system will be open to provide a remedy, but it does not guarantee them a right to any particular remedies.  See Progressive, 711 So.2d at 690; Whitnell v. Silverman, 686 So.2d 23, 30-31 (La. 1996)(recognizing that "the constitutional guarantee of access to courts and a remedy for injuries does not warrant a remedy for every single injury"); Montagino v. Canale, 792 F.2d 554, 557 (5th Cir. 1986).  Quigley then notes that the Louisiana

5

Legislature has enacted similar bars to legislation in other areas, such as the prohibition of personal injury actions by uninsured motorists and the tort immunity for employers of individuals hurt and killed in the course and scope of their employment. See Progressive, 711 So.2d at 690 ("the fact that uninsured motorists cannot pursue a claim for part, or, in some instances, all of their damages does not deny them access to the judicial system. To the contrary, their right to seek redress to the courts is simply curtailed in accordance with the legislative authority to restrict legal remedies."); see also La. R.S. 23:1032 (2005); La. R.S. 23:1061 (2005). The constitutional guarantee providing for open courts and ensuring a remedy for injuries does not guarantee every remedy for every single injury to the Ravannacks.

Finally, Quigley asserts that the NHWA does not offend the right to due process protected by the Louisiana and United States Constitutions. Quigley submits that, because the NHWA is purely legislative, procedural due process requirements do not apply. See Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1074 (5th Cir. 1989). Also, Quigley contends that there is no fundamental right to sue in tort or to recover damages because of the tortious acts of another, and therefore substantive due process principles do not apply to this case. Progressive, 711 So.2d at 689 (citations omitted); see also Toga Society, Inc. v. Lee, 323 F.Supp. 779, 789 (E.D. La. 2004). Quigley further states that even if the rational relationship test did apply, the Ravannacks have not presented any evidence that would show that the NHWA does not further its legitimate purpose.

**C. Amicus Curiae Brief by the Louisiana Home Builders' Association in opposition to Partial Summary Judgment:**

Also in opposition to the Ravannacks' motion, the Louisiana Home Builders' Association (LHBA) filed an *amicus curiae* brief with the Court. The LHBA essentially reiterated Quigley's

arguments, but it also provided insight into the necessity and relation of the restrictions of the NHWA to the promotion of commerce in Louisiana.  The LHBA notes that the NHWA benefits homeowners by providing for mandatory warranties that cannot be waived by the owner and cannot be reduced by the builder.  By specifically defining the liability of the builder for defects in new homes in exchange for minimum warranties, builders are able to obtain general liability insurance, which otherwise had become unavailable or unaffordable to the builders as a result of the proliferation of construction defect lawsuits.  Because builders are now able to obtain affordable insurance, costs of construction and housing costs are able to remain affordable, thus promoting commerce.

## III.   LAW AND ANALYSIS

### A.  Law on Rule 56 Summary Judgment:

The Federal Rules of Civil Procedure provide that a court should grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of Law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)).  When the moving party has carried its burden under Rule 56(c), its opponent

must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  Matsushita Elec. Indus. Co., 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts, and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.  The Court's Analysis:**

The Ravannacks' arguments are unpersuasive to the Court.  The NHWA does not offend the equal protection guarantee of the Louisiana Constitution.  Similarly, the NHWA does not violate the right to access to courts of the Louisiana Constitution.  Finally, the NHWA does not violate the right to due process protected by both the United States and Louisiana Constitutions.

First, the NHWA does not offend the equal protection guarantee of Article 1, Section 3, of the Louisiana Constitution. The Ravannacks present two arguments: (1) the NHWA facially discriminates based on a "physical condition" because it precludes claims for personal injuries, and (2) the NHWA is not rationally related to its stated purpose of promoting commerce in Louisiana.  Both of these arguments fail.  The NHWA categorizes persons based solely on their status as purchasers of newly-constructed homes or of previously-owned homes.  This in no way can be considered a "physical condition."  Accordingly, since the NHWA classifies persons on a basis other than those enumerated in Article 1, Section 3, its restrictions must be rationally

related to a legitimate governmental purpose.  Progressive Security Ins. Co. v. Foster, 711 So.2d 675, 686 (La. 1998).   As noted by Quigley in its Opposition, the party questioning a statute's constitutionality bears a "stringent burden" to show that the limitation does not serve its stated purpose.  See Progressive, 711 So.2d at 686.  The Ravannacks' mere assertion that "the only party that benefits from the provisions of the NHWA is the homebuilder" is not sufficient to carry this "stringent burden."

Regardless, even if this Court were to consider the assertion sufficient to shift the burden onto the non-movants to prove that the limitations of the NHWA are, in fact, rationally related to a legitimate purpose, such a burden has been met by the arguments presented in the LHBA's *amicus curiae* brief.  In its brief, the LHBA notes that the NHWA benefits homeowners by providing for mandatory warranties that cannot be waived by the owner and cannot be reduced by the builder.  By specifically defining the liability of the builder for defects in new homes in exchange for minimum warranties, builders are able to obtain general liability insurance, which otherwise had become unavailable or unaffordable to the builders as a result of the proliferation of construction defect lawsuits.

Because of the NHWA, builders are now able to obtain affordable general liability insurance, and as a result costs of construction and housing costs are able to remain affordable, thus promoting commerce.  Without the passage of the NHWA, construction costs and, consequently, housing prices would skyrocket because builders would either have to pay very high insurance rates or would be under a constant threat of litigation if they could not afford the insurance.  The industry as a whole would come to a screeching halt.  Therefore, the limitations on the types and value of actions that can be brought against a builder of a new home are

rationally related to the legitimate governmental purpose of promoting commerce in Louisiana.

Second, the NHWA does not violate the right of access to the courts protected by Article 1, Section 22, of the Louisiana Constitution. The right to access to the courts of Article 1, Section 22, "does not prohibit legislative restriction of legal remedies. Rather, this clause only ensures that the judicial system will be open to provide remedies that the legislature has fashioned." Progressive, 711 So.2d at 690 (citations omitted). The NHWA does not deny the Ravannacks access to the courts by precluding them, or any other plaintiff for that matter, from bringing a claim for personal injuries against a builder. Similarly, the Ravannacks are not denied access to the courts by the fact that the NHWA limits their potential recovery to the purchase price of the home plus attorney fees. The provisions of the NHWA are a valid exercise of the legislature's authority to restrict legal remedies.

Finally, the NHWA does not violate the right to due process of the Fourteenth Amendment of the United States Constitution and of Article 1, Section 2, of the Louisiana Constitution. When the challenged action "is characterized as legislative, procedural due process requirements do not apply." Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1074 (5th Cir. 1989); accord Toga Society, Inc. v. Lee, 323 F.Supp. 779, 789 (E.D. La. 2004). The NHWA is obviously a legislative act. Therefore, procedural due process concerns do not apply. Also, "there is no fundamental due process right to sue in tort or to recover damages because of the tortious acts of another." Progressive, 711 So.2d at 689; see also Toga, 323 F.Supp. at 789. Thus, substantive due process principles do not apply to this case. Even if the rational relationship test did apply, the Ravannacks have not presented any evidence that would show that the NHWA does not further its legitimate purpose.

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment Declaring the New Home Warranty Act, La. R.S. §9:2789.1, et seq. Violates Louisiana Constitution Article 1 §3, Louisiana Constitution Article 1 §22, the Fourteenth Amendment to the Unites States Constitution and Louisiana Constitution Article 1 §2 (Doc. 435), filed on behalf of defendants, James Ravannack and Jocel Ravannack, individually and on behalf of their minor children, Chad Ravannack and Claire Ravannack, be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2005.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**