```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

LIBERTY MUTUAL FIRE                         CIVIL ACTION
INSURANCE COMPANY
                                            NO. 00-1209
VERSUS
                                            SECTION "J"(3)
JAMES E. RAVANNACK
```

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment or Alternatively, to Disqualify [Doc. 489] filed on behalf of Scottsdale Insurance Company.  The motion is opposed.

## Background

In October 1992, the Ravannacks moved into a home constructed for them by Quigley Homes, Inc./ Quigley Home Builders, Inc. ("Quigley").  Sometime after delivery of the residence, the Ravannacks informed Quigley of water intrusion to the home.  As a result of this, Quigley performed work on the house to remedy the problem.

In April of 1999, the Ravannacks hired an independent testing expert to investigate the cause of the continued water intrusion.  The Ravannacks allege in their cross-claim that defects in the construction of their home have caused them

property and other damages.  The Ravannacks brought a claim against Quigley and several other defendants, including Matherne Plastering ("Matherne") and its insurance company, Scottsdale Insurance Company ("Scottsdale").

Matherne Plastering has since settled with the Ravannacks. The settlement releases Matherne from liability and requires the Ravannacks to indemnify Matherne for claims asserted against it. Scottsdale is Matherne's insurer, and the policy states that Scottsdale will pay amounts that Matherne shall be adjudged as liable for damages.  The release of rights against Matherne purportedly includes a reservation of rights against Scottsdale. After Matherne Plastering was dismissed by the Ravannacks, the Ravannacks' attorney, Leonard Levenson, enrolled as counsel for Matherne Plastering.  Mr. Levenson purported to be defending Matherne from third party claims by co-defendants under the terms of the settlement agreement.

On July 26, 2005, Scottsdale filed a Motion for Summary Judgment seeking to be dismissed from this action, or alternatively, to Disqualify the Ravannacks' attorney, Leonard Levenson [Doc. 436], which this Court denied on August 24, 2005 [Doc. 470].  Then, on May 3, 2006, Scottsdale filed a second Motion for Summary Judgment, or Alternatively, to Disqualify [Doc. 489], based mostly on same arguments made in Scottsdale's

first Motion for Summary Judgment.

**Law and Argument**

The issue raised by this Motion is whether Scottsdale is entitled to relief from the Court's decision to deny Scottsdale's original Motion for Summary Judgement.  A motion filed after judgment requiring that the court reconsider its decision constitutes a motion to "alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b).  Texas A&M Research Foundation v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003), citing to Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).  If the motion is filed within ten days of the rendering of judgment, then it is considered a motion to "alter or amend."  If the motion is filed late, then it is construed as a motion for "relief from judgment."  The instant motion was filed over ten days after the rendering of the decision denying Scottsdale's original Motion for Summary Judgment.  Therefore, Federal Rule of Civil Procedure 60(b) applies.  Under this Rule, the Court may only grant a party relief from judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

3

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

First, Scottsdale argues that the reservation of rights contained in the settlement agreement between the Ravannacks and Matherne is vague, unclear, and ambiguous and thus, it is invalid. Therefore, Scottsdale argues that it should be dismissed from this action because the Ravannacks have settled with its insured, Matherne. This is the same argument that Scottsdale made in its first Motion for Summary Judgment that was filed in July, 2005. The issue of whether the Ravannacks reserved their rights against Scottsdale was decided by the Court when it denied that motion on August 24, 2005. Scottsdale does not raise any new issues or cite any new law or facts, nor does Scottsdale show that any of the reasons listed in Rule 60 are present in this case to justify the Court granting relief from its denial of the original Motion for Summary Judgment.

Alternatively, Scottsdale argues that Mr. Levenson should be disqualified because his representation of both the Ravannacks and Matherne Plastering puts him on both sides of the conflict, which is prohibited by Rule of Professional Conduct 1.9. Under Rule 1.9, a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a

substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." If Mr. Levenson withdrew or withdraws from representing Matherne, then Rule 1.9 applies because Matherne would then be considered a former client.  However, under Rule 1.9, Mr. Levenson could continue to represent the Ravannacks because both parties signed written waivers of the conflict of interest.

More importantly, at the time Mr. Levenson had the alleged conflict, he was concurrently representing Matherne and the Ravannacks.  Rule of Professional Conduct 1.7 deals with conflicts of interest with current clients and seems to be the more appropriate Rule for this situation because at the time Mr. Levenson had the alleged conflict, he was concurrently representing Matherne and the Ravannacks.  Rule 1.7 provides:

(a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
    (1)  the representation of one client will be directly adverse to another client; or
    (2)  there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b)  Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
    (1)  the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to

        each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

Because Matherne and the Ravannacks have settled the dispute between them, Mr. Levenson was not asserting a claim against either Matherne or the Ravannacks and because both of the parties signed written waivers, it appears that there was no disqualifying conflict of interest when Mr. Levenson represented both parties. Therefore, the Court denies Scottsdale's alternative Motion to Disqualify Mr. Levenson.

**IT IS ORDERED** that Scottsdale's Motion for Summary Judgment, or Alternatively, to Disqualify, [Doc. 489] is hereby **DENIED.**

New Orleans, Louisiana, this __21st__ day of July, 2006.

_____
**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**

6