```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **LIBERTY MUTUAL FIRE**<br>**INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO. 00-1209** |
| **VERSUS** | **SECTION "J"(3)** |
| **JAMES E. RAVANNACK** | |

## ORDER AND REASONS

Before the Court is a Motion to Compel Scottsdale Insurance Company to Provide a Defense for Matherne Plastering. The motion is opposed. For the following reasons, the Motion to Compel is GRANTED.

## Background

This case arises from the construction of a residence for the Ravannacks by Quigley Homes, Inc./ Quigley Home Builders, Inc. (hereinafter, "Quigley"). In early 1992, Quigley acted as general contractor in the construction of a home for the Ravannacks, located at 5432 Janice in Kenner, Louisiana, pursuant to a contract between Quigley and the Ravannacks.

In October 1992, the Ravannacks moved into the home and paid Quigley $196,000 as payment in full for the project. Sometime after delivery of the residence was made, the Ravannacks informed

Quigley of water intrusion to the home.  As a result of this, Quigley performed work on the house to remedy the problem.

In April of 1999, the Ravannacks hired an independent testing expert to investigate the cause of the continued water intrusion.  The Ravannacks allege in their cross-claim petition that defects in the construction of their home have caused them property and other damages, including but not limited to major structural damage, which forced them to vacate the home.  The Ravannacks brought a claim against Quigley and several other defendants, including Matherne Plastering and its insurance company, Scottsdale Insurance Company.

Matherne Plastering has since settled with the Ravannacks.  The settlement releases Matherne from liability and requires the Ravannacks to indemnify Matherne for claims asserted against it.  Scottsdale is Matherne's insurer, and the policy states that Scottsdale will pay amounts that Matherne shall be adjudged as liable for damages.  The release of rights against Matherne purportedly includes a reservation of rights against Scottsdale.  Matherne now files this Motion to Compel Scottsdale to Provide a Defense to Matherne.

**Law and Argument**

The issue in this case is whether Scottsdale has a duty to defend Matherne, as its insured, for the claims brought against it.  Louisiana law provides that a duty to defend is determined

by the petition and the policy and is liberally construed in favor of coverage. Mossy Motors, Inc. v. Cameras America, 2004-0726, p. 6-7 (La. App. 4 Cir. 3/2/05); 898 So.2d 602, 606-07; *See also*, Adams v. Pro Sources Inc., 231 F. Supp 2d 499, 502-03 (M.D.La. 2002) (applying Louisiana law to determine whether or not a duty to defend exists under an insurance policy). Further, an insurer's duty to defend is broader than its liability for damage claims. Mossy Motors, Inc., 898 So.2d at 606. The insurer's duty to defend is based on the petition and the insurer is obligated to provide a defense unless the petition unambiguously excludes coverage. Id. The obligation of a liability insurer to defend suits against its insured is generally broader than its obligation to provide coverage for damage claims. Id. The issue of whether or not an insurer has a duty to defend is determined by application of the "eight corners rule," where the insurer must look to the "four corners" of the policy and the "four corners" of the petition. Id. Where both the petition and the policy set forth grounds which raise even the possibility of liability under the policy, there is a duty to defend. Id.

This Court has already concluded that based on the petition and the policy there is a possibility of coverage. [Doc. 130]. Scottsdale's motion for summary judgment on the issue of coverage was denied by Judge Porteous. [Doc. 130]. He found that there

3

existed a material question of fact as to whether or not the policy would cover the bodily injury which the Ravannacks claimed occurred during the policy year, thus Scottsdale may have to provide coverage.  Therefore, under the "eight corners" rule, there exists a possibility of coverage under the terms of the policy, which is set out in the a claim in the petition. Coverage is not unambiguously excluded because there is a possibility of coverage under the policy, and Scottsdale therefore has a duty to defend Matherne.

Accordingly,

**IT IS ORDERED** that Matherne's Motion to Compel is hereby **GRANTED.**  [Doc. 492].

**IT IS FURTHER ORDERED** that the first Motion to Compel is moot. [Doc. 448].

New Orleans, Louisiana, this 15th day of August, 2006.

_____
**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**